Phil Telfeyan
Equal Justice Under Law
400 7th Street NW, Suite 602
Washington, D.C. 20004
Telephone: (202) 505-2058
E-mail: ptelfeyan@equaljusticeunderlaw.org

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ROLLAND GREGG, MICHELLE GREGG, and RHONDA FIRESTACK-HARVEY,** Defendants. | No. 2:13-CR-24-TOR<br><br>RESPONSE TO THE PROSECUTION'S MOTION TO DISMISS AND MOTION TO DISMISS WITH PREJUDICE AND MOTION TO VACATE THE JUDGMENT OF CONVICTION |

In response to the Prosecution's motion to dismiss the superseding indictment in this matter without prejudice, Defendants hereby move for dismissal with prejudice and that the judgment of convictions be vacated. For the reasons cited below, Defendants do not agree that dismissal without prejudice is proper either substantively or procedurally.

Procedurally, the Prosecution cites no authority for dismissal of an indictment before a judgment of conviction has been vacated. Defendants believe the proper procedural mechanism is to first vacate the judgment of conviction and

then dismiss the underlying indictment. It is axiomatic that a conviction cannot stand on a dismissed indictment, so vacatur of the convictions is necessary if the indictment is to be dismissed.

The procedure of vacating a judgment prior to (is simultaneous with) dismissing an indictment is common practice. *See, e.g.*, *Blucher v. United States*, 439 U.S. 1061, 1061 (1979) (remanding case "with directions to vacate [the] judgment and dismiss indictment."); *Orlando v. United States*, 387 F.2d 348, 349 (9th Cir. 1967) (vacating judgment of conviction and remanding for subsequent dismissal of the indictment). In contrast, Counsel is unaware of any case in which a conviction was allowed to stand while the underlying indictment was dismissed, and the Prosecution has failed to cite one. Dismissal of the Prosecution's indictment must be preceded or accompanied by vacatur of Defendants' convictions.

Vacating the conviction would not prejudice to the Prosecution, which has conceded (at least for the time being) that it does not wish to pursue this matter further. Moreover, the Prosecution has also conceded that, if it decides in the future to initiate any prosecution, it must evaluate defenses that would prevent such action. The Prosecution does not and cannot point to any reason — legal or otherwise — why the convictions should not be vacated before the indictment is dismissed.

In addition to the fact that vacatur is procedurally appropriate, failure to vacate the convictions would cause great prejudice to Defendants. All three Defendants are still trying to make a living, and their convictions stand in the way of many employment opportunities. Moreover, the record of conviction in a matter that the government has elected not to prosecute is fundamentally unfair to Defendants.

Defendants also believe that dismissal *with prejudice* is the required course of action. The statute of limitations for the indicted offense is five years. *See* 18 U.S.C. § 3282 (providing five-year statute of limitations for non-capital offenses). Defendants expressly do not waive and have not waived any statute of limitations defense. The most recent alleged conduct in this matter took place in August 2012 — more than five years before the instant motion. Even if the Prosecution sought an indictment tomorrow, it would be barred by the statute of limitations. Because the statute of limitations has already expired, this Court should dismiss the indictment with prejudice.

Given the expiration of the statute of limitations, there is no harm to the Prosecution if this Court dismisses *with prejudice*. Indeed, such an order would actually benefit the Prosecution by preventing it from bringing any future unlawful indictment. Similarly, Defendants would be harmed by a dismissal without prejudice, for they would lack the certainty that attends a dismissal with prejudice.

Dismissal with prejudice serves the intent of Congress. The five-year statute of limitations is intended to provide certainty to individuals that they would not be subjected to the perpetual threat of federal prosecution. The Prosecution's attempt to retain the "option" to initiate further proceedings after the expiration of the statute of limitations is contrary to federal policy. Dismissal without prejudice of a charge that is plainly beyond the statute of limitations is contrary to the will of Congress. This Court should refuse the Prosecution's invitation to contravene — or permit contravention of — the statute of limitations.

Dismissal with prejudice serves judicial economy. Although the Prosecution wishes to retain the "option" of filing a future indictment, such action would only waste time and resources. It would force Defendants — who have limited financial means — to have counsel re-appointed by this Court. It would then force Defendants to brief a straightforward statute-of-limitations defense that the Prosecution does not and cannot dispute. There is no need to invite such formalities; this Court can provide finality to this matter by dismissing with prejudice.

In addition to contravening the statute of limitations, dismissal without prejudice is inconsistent with Defendants' double jeopardy rights. Defendants have already been put through over two years of prosecution prior to a week-long jury trial, followed by more than two additional years of prosecution before the

Prosecution's instant motion to dismiss. Defendants were originally indicted *almost five years ago*. Enough is enough. There is both a statutory and constitutional limit to how long and how often the federal government can subject individuals to the threat of prosecution. *See* 18 U.S.C. § 3282 (five-year statute of limitations); U.S. CONST. AMEND. V (double jeopardy protection). That limit has long passed in this case.

Defendants expressly do not waive and have not waived any double jeopardy defense; exposing Defendants to future prosecution for the same offense only invites unconstitutional action. The Supreme Court has long recognized that applies once a jury has been sworn, and certainly after a trial has been conducted. *See, e.g.*, *Ex parte Lange*, 58 U.S. 163, 173–74 (1873) ("[W]e do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it."); *see also Crist v. Bretz*, 437 U.S. 28, 36 (1978) (holding double jeopardy "attaches when the jury is empaneled and sworn"). Dismissal with prejudice actually benefits — not harms — all parties by saving the Prosecution from a future unconstitutional prosecution and by saving Defendants and this Court from the time, costs, and resources needed to brief a double jeopardy argument. The Prosecution does not and cannot rebut a double jeopardy claim, and judicial efficiency warrants dismissal with prejudice to save all parties the possibility of protracted litigation.

The Ninth Circuit has asked for a report on the status of the matter by January 7. It is in all parties' interests — and it would serve judicial efficiency — for this matter to finally be put to rest. Defendants will appeal a dismissal without prejudice because such an order would not fully protect their rights, but Defendants are confident that the Prosecution has no interest, need, or desire to appeal a dismissal without prejudice. The demands of justice warrant vacatur of the convictions and dismissal with prejudice, and Defendants so move.

Respectfully submitted,

*/s/ Phil Telfeyan*
Phil Telfeyan
California State Bar number 258270
Equal Justice Under Law
400 7th Street NW, Suite 602
Washington, D.C. 20004
Telephone: (202) 505-2058
E-mail: ptelfeyan@equaljusticeunderlaw.org
*Attorney for Rolland Gregg*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Phil Telfeyan*
Phil Telfeyan